UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| AYLALIYA ASSEFA BIRRU,<br><br>　　　　　Petitioner,<br><br>　　v.<br><br>WILLIAM P. BARR, et al.,<br><br>　　　　　Respondents. | Case No. 20-CV-01285-LHK<br><br>**ORDER REQUIRING RESPONDENTS TO RESPOND TO PETITIONER'S APPLICATION FOR TEMPORARY RESTRAINING ORDER**<br><br>Re: Dkt. No. 5 |

On February 20, 2020, Petitioner filed a petition for writ of habeas corpus in this Court under 28 U.S.C. § 2241 seeking declaratory and injunctive relief. ECF No. 1. On March 21, 2020, Petitioner then filed a first amended petition for writ of habeas corpus. ECF No. 4. In the first amended petition for writ of habeas corpus, in addition to Petitioner's previous arguments, Petitioner asserts that Petitioner "has a constitutional right to be release[d] due to the risks of COVID-19." *Id.* at 25.

On March 24, 2020, Petitioner filed an ex parte application for a temporary restraining order and order to show cause why a preliminary injunction should not issue ("TRO Application"). ECF No. 5 ("TRO Appl."). The first amended petition for writ of habeas corpus

1

Case No. 20-CV-01285-LHK
ORDER REQUIRING RESPONDENTS TO RESPOND TO PETITIONER'S APPLICATION FOR TEMPORARY RESTRAINING ORDER

and TRO Application stem in part from Petitioner's continued detention in the custody of Immigration and Customs Enforcement in Yuba County Jail, and Petitioner's fear of contraction of COVID-19 while in custody.  *See* ECF No. 4; TRO Appl.

Federal Rule of Civil Procedure 65(b) provides that a court may issue a temporary restraining order without notice to the adverse party in limited circumstances where "*specific facts in an affidavit or a verified complaint* clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition." Fed. R. Civ. P. 65(b)(1)(A) (emphasis added).

Petitioner's TRO Application includes three signed declarations under penalty of perjury. ECF No. 5-1 Ex. 1 ("Kavanagh Decl."); Ex. 2 ("Stanley Decl."); and Ex. 3 ("Zein Decl.").[1]  The declarations concern the layout of the Yuba County Jail, Kavanaugh Decl.; practices that could make it difficult to prevent the spread of infection at the Yuba County Jail, Stanley Decl.; and the fact that exposure to trauma may lead to a decreased immune response, Zein Decl.  These declarations do not "clearly show that immediate and irreparable injury, loss, or damage will result to" Petitioner if Respondents are heard in opposition.  Fed. R. Civ. P. 65(b)(1)(A).

The Court hereby ORDERS Respondents to respond to Petitioner's TRO Application by April 1, 2020.  Petitioner may reply to Respondents' response by April 8, 2020.

**IT IS SO ORDERED.**

Dated: March 25, 2020

_Lucy H. Koh_
LUCY H. KOH
United States District Judge

---

[1] Petitioner's application also includes a fourth declaration that describes Petitioner's efforts to give notice of the instant motion to Respondents.  ECF No. 5-1 Ex. 4 ("Cooper Decl."); Fed. R. Civ. P. 65(b)(1)(B) (setting forth requirement).